**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Action No. 3:04cr00092-7** |
| | ) | |
| **v.** | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| **DIIJON TIMMONS.** | ) | **By: Hon. Norman K. Moon** |
| | ) | **United States District Judge** |

Diijon Timmons filed a <u>pro se</u> motion pursuant to 28 U.S.C. § 2255 challenging his guilty plea and conviction for conspiring to possess with intent to distribute cocaine base and possessing a firearm during and in relation to a drug trafficking crime. Timmons claims that his plea was not knowing and voluntary, that his rights to due process and a jury trial were violated, and that he was denied the effective assistance of counsel. The United States filed a motion to dismiss, Timmons responded, and the matter is ripe for disposition. Upon review of the record, I find that Timmons' claims lack merit, and I will grant the United States' motion to dismiss.

**I.**

On December 8, 2004, a grand jury in the Western District of Virginia charged Timmons with conspiring to distribute and possess with the intent to distribute more than 1.5 kilograms of cocaine base, in violation of 21 U.S.C. § 846, and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On August 8, 2005, Timmons pleaded guilty to both offenses, without a plea agreement.

At his plea hearing, Timmons stated under oath that he was able to read and write, was neither currently nor recently under the treatment of a physician or psychiatrist, and was not under the influence of any drug, medication, or alcoholic beverage. I established that Timmons was aware of the nature of the charges against him, understood the range of punishment that he faced, understood how the United States Sentencing Guidelines might apply in his case, knew

that he had the right to a jury trial, and had discussed all of this with his attorney. Timmons affirmed that his guilty plea was made knowingly and voluntarily and that no one had made any promises or threats to induce him to plead guilty. I established that Timmons was aware that he would be bound by his plea even if his sentence was more severe that he expected, and Timmons affirmed that he was "fully satisfied with the counsel, representation, and advice" that his attorney provided.

At the conclusion of this colloquy, Timmons stated that he still wanted to plead guilty. I ultimately accepted Timmons' plea and found that Timmons was "fully competent and capable of entering an informed plea; that [his] plea of guilty [was] a knowing and voluntary plea, supported by an independent basis in fact containing each of the essential elements of the offense."

After the sentencing hearing held on November 4, 2005, I entered final judgment and sentenced Timmons to a total term of imprisonment of 355 months, consisting of 235 months for the drug count and 120 months for the gun count, running consecutively. The 235-month sentence for the drug conviction was a sentence at the bottom of Timmons' guideline-range calculation. The 120-month sentence for the gun conviction was a mandatory minimum sentence and, by statute, is required to run consecutively to any other imposed sentence. Before I pronounced the sentence, I gave Timmons the opportunity to address the court. At that time, Timmons did not express any desire to withdraw his plea or voice any complaints regarding the quality and effectiveness of his attorney's representation.

Timmons subsequently filed an appeal to the United States Court of Appeals for the Fourth Circuit, arguing that his sentence was unreasonable. The Court of Appeals affirmed,

determining that the sentence was reasonable. Timmons filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied.

On March 20, 2008, Timmons filed a motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines, and on June 23, 2008, I granted the motion, reducing Timmons' sentence to 308 months, consisting of 188 months for the drug conviction and 120 months for the gun conviction, running consecutively.

Soon thereafter, Timmons filed the instant § 2255 motion, claiming that his plea was not knowing and voluntary, that his rights to due process and a jury trial were violated, and that his counsel provided ineffective assistance.

## II.

Timmons asserts various claims that his trial, sentencing, and appellate counsel provided ineffective assistance. However, none of his claims meet both the performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668, 669 (1984).

In order to establish an ineffective assistance claim, Timmons must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669; see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977).

In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient

performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Further, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. 52, 53-57 (1985); Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit describes the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297. If the petitioner fails to meet the burden of proving prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290 (citing Strickland, 466 U.S. at 697). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n. 8 (4th Cir. 2008); Fields, 956 F.2d at 1297-99; Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985).

All of Timmons' ineffective assistance claims must also be examined under the principle found in United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). In Lemster, the Court of

Appeals ruled that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. Because Timmons testified under oath in open court that he was satisfied with his attorney, he must prove extraordinary circumstances in order to challenge his conviction with allegations that directly contradict his sworn statements. However, he not presented any evidence of extraordinary circumstances.

## A.

Timmons alleges that counsel was ineffective because she failed to investigate exculpatory evidence and interview witnesses. Specifically, Timmons asserts that counsel did not attempt to interview co-conspirators, Jesse Williams, Rodriguez Rawlings, Larry Noel, Rashadi Wearing, and Everette Smith.

However, Timmons has not demonstrated that counsel's performance was deficient or that he was prejudiced by counsel's alleged failure, and, therefore, these claims fail. He provides no evidence that his counsel failed to interview potential witnesses or sufficiently investigate his case. First, Timmons does not point to any exculpatory evidence that could have been provided by his coconspirators or anyone else. Contrary to Timmons' allegations that Robert McDonald, a key trial witness against Timmons, had recanted his testimony that Timmons was the shooter, McDonald testified under oath at his own sentencing that Timmons was the shooter.

Second, counsel performed extensive discovery in Timmons' defense. She interviewed several state and federal agents and reviewed discovery materials. Furthermore, counsel was prohibited from interviewing Timmons' co-conspirators, who were represented by counsel, outside the presence of their counsel. She tried to gain useful information by talking to their

counsel but was unable to find any evidence that benefited Timmons. Timmons has not demonstrated how counsel's performance in discovery and fact-finding on behalf of Timmons was in any way deficient under Strickland. Nevertheless, even if it was deficient, Timmons cannot demonstrate prejudice under Strickland because he admitted to facts that established he was guilty of the charged conduct, and he entered a knowing, voluntary guilty plea in open court. Accordingly, I find that Timmons has not demonstrated a claim under either prong of Strickland.

**B.**

Timmons next claims that counsel was deficient for failing to advise him of the term and nature of the supervised release, including the possibility of returning to prison for violating supervised release. Timmons' current allegation contradicts his testimony at the guilty plea hearing where he stated under oath that his counsel had stated the possible punishment for the crimes to which he was pleading guilty.

The Fourth Circuit has "generally held that failure to discuss the nature of supervised release is harmless error if the combined sentence of incarceration and supervised release actually received by the defendant is less than the maximum term he was told he could receive." United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994). See, e.g., Moore v. United States, 592 F.2d 753 (4th Cir. 1979); United States v. Robinson, 215 F. App'x 302 (4th Cir. 2007) (per curiam).

At the plea hearing, I advised Timmons that he could receive the statutory maximum sentence of life in prison for each of the two counts to which he plead guilty. Timmons acknowledged that he understood the applicable sentencing range and that he had discussed the sentencing guidelines with his attorney. He also affirmed his understanding that he might receive a sentence more severe than expected but would still be bound by his plea. Further,

Timmons signed a plea form that stated that he had been advised of the maximum sentence. Because Timmons' total sentence of 368 months (308 months of incarceration and 60 months of supervised release) was less than the life sentence he was told he could receive, any failure of counsel to discuss supervised release with Timmons is harmless error, and does not demonstrate an ineffective assistance claim under either prong of Strickland.

## C.

Timmons claims that his attorney did not explain the nature and elements of the offenses to which he plead guilty. Again, this allegation directly contradicts his sworn statement in open court. During his plea hearing, Timmons stated under oath that counsel had explained the nature and elements of the offenses with which he was charged. Timmons' allegation is patently incredible as it contradicts his sworn statements. Furthermore, counsel also avers that Timmons' showed an understanding of the charged offenses during their interviews. Moreover, the Assistant United States Attorney explained the nature and elements of offense at the guilty plea hearing, and Timmons indicated under oath that he understood the charges to which he pled guilty. Accordingly, I will dismiss this claim.

## D.

Timmons claims that his attorney did not explain to him that he was pleading guilty to distribution of more than 1.5 kilograms of "crack" cocaine base instead of distribution of powder cocaine, which carries a shorter sentence under the advisory Sentencing Guidelines. This claim, again, contradicts Timmons' statements under oath that he understood the charges and that his attorney had explained them to him. Furthermore, counsel avers that in multiple meetings with Timmons she explained to him that he was being charged with distributing over 1.5 kilograms of cocaine base and would likely face a sentence around 30 years for the drug and firearm offenses.

During their meetings, counsel advised Timmons that Williams, a co-defendant, had proffered that Timmons had cooked at least 4 kilograms of powder cocaine into crack. Timmons did not wish to challenge the type of drug or amount for which he would be held responsible and did not provide any factual basis for doing so. Timmons has provided no credible evidence to support this claim. Accordingly, I will dismiss this claim.

## E.

Timmons claims that counsel did not advise him before pleading guilty that he had the right to have a jury determine the amount of drugs for which Timmons would be responsible. However, counsel avers that she advised Timmons that he had the right to a jury trial, and that a jury would have to find each statutory element of the offense by proof beyond a doubt. This averment supports Timmons' sworn statement during the guilty plea hearing when he acknowledged that counsel had explained the rights he gave up by pleading guilty, including the right to a jury trial.

Furthermore, even if Timmons went to trial, he did not have the right to a jury determination that he distributed over 1.5 kilograms of cocaine base. Under Apprendi v. New Jersey, 530 U.S. 466 (2000), only drug quantities which increase the statutory maximum are elements of the offense which must be charged in the indictment and submitted to a jury for proof beyond a reasonable doubt. See also United States v. Stewart, 256 F.3d 231, 252 (4th Cir. 2001); United States v. Promise, 255 F.3d 150, 156-57 (4th Cir. 2001); United States v. Angle, 254 F.3d 514, 517-18 (4th Cir. 2001). Moreover, the finding of 1.5 kilograms does not increase the statutory maximum. See, e.g., United States v. Brooks, 524 F.3d 549, 561 (4th Cir 2008); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002) (drug quantity not an element of the

offense where sentence is less than statutory maximum). The statutory maximum for a violation of § 841(b)(1)(C) is 240 months, and Timmons received only 235 months.

Similarly, Timmons argues that sentencing counsel was deficient for not challenging the fact that there was never any jury determination of drug weight. First, as discussed above, Timmons did not have a constitutional right to have a jury determine the drug weight attributable to him. Second, sentencing counsel had no factual basis to attack the drug weight attributed to Timmons when Timmons failed to provide such and had already agreed to accept responsibility for 1.5 kilograms of cocaine base. Accordingly, I find that Timmons has not demonstrated a claim under either prong of Strickland and, therefore, I will dismiss this claim.

### F.

Timmons complains that his counsel did not negotiate a written plea agreement with the government. However, Timmons repeatedly expressed his desire to plead guilty without a written plea agreement. Notably, Timmons acknowledged under oath at his guilty plea hearing that he voluntarily pled guilty and that counsel did not encourage him to plead guilty against his will. Furthermore, counsel advised Timmons that he had the opportunity to cooperate with the government in exchange for a plea agreement that would reduce his sentence. However, Timmons repeatedly told counsel that he wanted to plead guilty without a written plea agreement and without cooperating with the government. It was Timmons' choice to proceed without a written plea agreement after counsel repeatedly advised him that he would likely receive a shorter sentence with a written guilty plea. Timmons' own decisions, after appropriate advice from counsel, cannot be a basis for an ineffective assistance of counsel claim, and the plea colloquy established his knowing and voluntary desire to enter a guilty plea even without the benefit of a written plea agreement.

**G.**

Timmons claims that his counsel at sentencing was ineffective for failing to request an additional one-level reduction for acceptance of responsibility. Under § 3E1.1 of the Sentencing Guidelines, a defendant can only receive an additional one-level reduction upon motion of the Government. Therefore, a request by defense counsel would have been futile, and counsel's decision not to make a futile request does not constitute ineffective assistance.

**H.**

Timmons also claims his counsel was ineffective for failing to request a two-level reduction for his level of responsibility because he only had a minor role in the conspiracy. Timmons argues that he only served as a chauffeur and courier for drugs and drug money. However, the Fourth Circuit has upheld a trial court's refusal to grant the two-level reduction in United States v. Terry, 86 F.3d 353 (4th Cir. 1991), where the defendant's "only involvement in the criminal activity charged was to drive his confederates to and from the scene of the crime while knowing of their plans." Id. at 358. Furthermore, Timmons did more than simply drive for his co-conspirators; he pled guilty to shooting an individual who owed money to a co-conspirator. Accordingly, I will dismiss this claim.

**I.**

Timmons next argues that counsel was ineffective for failing to investigate and present evidence as to the identity and amount of drugs for which Timmons was sentenced. Timmons had already pleaded guilty to possession with intent to distribute over 1.5 kilograms of cocaine base. Timmons having pleaded guilty, and I having accepted his plea, it was too late for counsel to challenge the drug quantity or amount of drugs to which he had already pleaded guilty.

Therefore, sentencing counsel could do nothing to challenge this fact and did not perform deficiently for failing to make a futile argument.

## J.

Timmons claims that counsel was ineffective at sentencing because he failed to present evidence of Timmons' age, lack of education, mental conditions, or lack of guidance as a youth to support a sentence below the guidelines. Counsel is afforded wide latitude in making tactical decisions. Strickland, 466 U.S. at 689. Counsel zealously advocated for Timmons by filing a lengthy, well-written sentencing memorandum. Sentencing Memorandum, (Dkt. No.: 187.) He raised many plausible issues instead of raising every possible issue regardless of its merit. This strategic choice was reasonable, and, as such, it cannot support a claim of ineffective assistance of counsel. See United States v. Costa, 691 F.2d 1358 (11th Cir. 1982); Coco v. United States, 569 F.2d 367 (5th Cir. 1978).

## K.

Timmons argues that counsel was deficient for failing to request that I consider and rule on counsel's argument to not follow the 100:1 sentencing ratio for crack cocaine. However, Timmons is mistaken because counsel did argue that the 100:1 ratio for crack cocaine is unjust. Counsel's sentencing memorandum includes a thorough, eight-page argument that the 100:1 ratio is unjust and urged that I sentence Timmons below the range recommended in the guidelines. I acknowledged that I had reviewed the arguments in the sentencing memorandum but stated that I still found that a sentence within the guidelines was reasonable. Timmons' counsel was not ineffective for allegedly failing to argue for a sentence below the guidelines. Furthermore, Timmons' claim is now moot because I later reduced Timmons' sentence under

Amendment 706 of the advisory Sentencing Guidelines, which allows courts to reduce sentences that were based on the 100:1 crack to powder cocaine ratio.

## L.

Timmons argues that his appellate counsel was deficient for not raising two claims that Timmons believes should have been raised. First, Timmons asserts that counsel should have argued that Timmons' guilty plea was involuntary because Rule 11 was violated during the guilty-plea colloquy. Second, Timmons states that appellate counsel should have argued that Timmons' sentence was unreasonable because it violated his Sixth Amendment right to a jury trial.

Counsel is afforded wide latitude in making tactical decisions. Strickland, 466 U.S. at 689. Indeed, the Supreme Court has recognized the "importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). The Fourth Circuit also will not find that an appellate attorney is incompetent for making a reasonable decision to raise certain claims on appeal but not others. See United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (even when "counsel's failure to pursue a basis for appeal by reason of . . . miscalculation of the likelihood of success does not constitute constitutionally ineffective representation.").

Timmons cannot produce one reason that counsel should have raised these claims on appeal. The claims Timmons believes should have been raised have no merit. First, Timmons testified under oath at the guilty plea hearing that he knowingly and voluntarily pled guilty. Under Lemaster, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established." 403 F.3d at 221. Timmons makes no allegation of extraordinary circumstances and provides no evidence that his plea was made

unknowingly or involuntarily.  Second, Timmons' right to a jury trial was not violated.[1]

Therefore, appellate counsel was justified and not unreasonable for focusing on a stronger

argument instead of raising frivolous claims on appeal.

### III.

Timmons raises two claims that are procedurally barred because Timmons did not raise

them on direct appeal and nothing excuses the default.  First, Timmons alleges that his plea was

not knowingly and voluntarily made and that his rights to due process and to a jury trial were

violated.  Second, Timmons claims that I imposed a sentence that violated constitutional and

statutory requirements.  Specifically, he argues that I did not give meaningful consideration to

the sentencing factors  required by 18 U.S.C. 3553(a), erred by not reducing his sentence below

the guidelines due to the disparity in sentences between cocaine base and powder cocaine, and

erroneously applied a presumption that the advisory Sentencing Guidelines were reasonable.

"[H]abeas review is an extraordinary remedy and will not be allowed to do service for an

appeal."  Bousley v. United States, 523 U.S. 614, 621 (1998).  Claims that could have been, but

were not raised on direct appeal are procedurally defaulted unless the petitioner demonstrates

both cause for the default and actual prejudice from the failure to review the claim,[2] Bousely,

523 U.S. at 622; United States v. Frady, 456 U.S. 152, 170 (1972); Wainwright v. Sykes, 433

U.S. 72, 84 (1977); Mikalajunas, 186 F.3d at 492-95; United States v. Maybeck, 23 F.3d 888,

---

[1] See supra Section II.E. (explaining why Timmons had no right to a jury determination of the drug amount).

[2] To establish cause, Timmons must point to some objective factor beyond the defendant's control that impeded or prevented him from presenting his claim.  Coleman v. Thompson, 501 U.S. 722, 753 (1991).  Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.  Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 49 U.S. 467, 493-94 (1991)).  To show prejudice, Timmons must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  McCarver v. Lee, 221 F.3d 583, 892 (4th Cir. 2000) (quoting United States v. Frady, 456 U.S. 152, 170 (1972)).

891 (4th Cir. 1994), or demonstrates that he is actually innocent, <u>Schlup v. Delo</u>, 513 U.S. 298, 321 (1995); <u>Mikalajunas</u>, 186 F.3d at 493. Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. <u>Bousley</u>, 523 U.S. at 623-24. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>House v. Bell</u>, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted).

Since Timmons did not challenge on appeal the voluntariness of his plea, allege due process or jury trial violations, or argue that I sentenced him in derogation of constitutional and statutory requirements, these claims are procedurally defaulted unless he demonstrates cause and prejudice or actual innocence. Timmons does not allege any cause or prejudice to excuse his default. As discussed above, Timmons' attorneys did not perform deficiently and Timmons did not suffer prejudice. Therefore, ineffective assistance of counsel cannot constitute cause to excuse his procedural default, and he does not allege that he is actually innocent of his convictions.[3]

## IV.

For the reasons stated above, I will grant the United States' motion to dismiss Timmons' § 2255 motion.

**ENTER**: This ___13th___ day of June, 2011.

Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] Timmons admits in his § 2255 motion that he aided and abetted his co-conspirators in the narcotic trafficking for which he was convicted although he disputes the drug amount for which he previously agreed to be held responsible.