CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
08/09/2019
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:04-cr-00092 |
| v. | MEMORANDUM OPINION |
| DIIJON TIMMONS,<br>*Defendant.* | JUDGE NORMAN K. MOON |

Defendant Diijon Timmons ("Defendant") has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkts. 576, 587). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

On December 8, 2004, Defendant was indicted for (1) conspiracy to possess with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and (2) using and carrying a firearm during and in relation to a federal drug trafficking offense in violation of 18 U.S.C. § 924(c). (Dkt. 3). Defendant pled guilty to these charges on August 8, 2005. (Dkt. 167). Each of these two counts imposed a mandatory minimum sentence of 10 years. §§ 841(b)(1)(A), 924(c). On November 11, 2005, this Court sentenced Defendant to 235 months for Count 1 and 120 months for count 2, to run consecutively and to be followed by 5 years of supervised release. (Dkts. 192, 193). This Court later reduced Defendant's sentence to 298 months under Amendment 706 in 2008, then to 271 months under Amendment 750 in 2011, and finally to 241 months under Amendment 782 in 2015. (Dkt. 585).

Defendant and the United States agree that Defendant's current release date is August 22, 2022, and that Defendant had served 171 months of his sentence as of March 26, 2019. (Dkts. 587, 589). Defendant filed the present motion to reduce his § 841 sentence from 121 months to

1

60 months in light of the First Step Act. (Dkts. 576, 587). Coupled with Defendant's good time credits, this would entitle Defendant to immediate release.

Defendant's eligibility under the First Step Act

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).[1]

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

The parties agree that Defendant's offense of conviction was a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), that the offense was committed before August 3, 2010, and that the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) was increased from 50 grams to 280 grams. *Id.*

Despite agreement as to these facts, the Government argues that Defendant is not eligible for a reduction pursuant to the First Step Act because the pre-sentencing report ("PSR") states that the offense involved a drug quantity over the revised threshold. (Dkt. 591) (citing *Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). This Court has already rejected this argument. *See United States v. Herbert*, No. 5:97-cr-30024, ECF No. 261 at 4 ("[T]he Court will consider the crime of conviction not the conduct reported in the PSR. In doing so, this Court joins others in this district finding the holdings of *Apprendi* and *Alleyne* applicable in the First Step context.") (internal citations omitted).

Section 3553(a) analysis

Finding relief consistent with the First Step Act, the Court next "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon*, 560 U.S. at 826.

The Government argues that the Court should exercise its discretion in denying a reduction to Defendant's sentence for three reasons: (1) relief should be denied based on the drug weight reported in the PSR and "the fact that [Defendant] would remain subject to the higher penalties if he had been prosecuted after the enactment of the Fair Sentencing Act"; (2) relief would provide Defendant with an unfair windfall as compared to defendants sentenced after the enactment of the Fair Sentencing Act, but before *Alleyne*; and (3) because of the violent elements of Defendant's conviction. (Dkt. 591 at 10). The Court addressed and rejected the Government's first two arguments in *Herbert,* and for the reasons stated below, the Government's third argument is also unpersuasive. *Herbert*, No. 5:97-cr-30024, ECF No. 261 at 4–5 (citing *United States v. Stanback*, No. 5:02-cr-30020, 2019 WL 1976445, *4 (W.D. Va. May 2, 2019)).

Defendant was originally sentenced to 355 months, but during each of the three subsequent sentence modifications, Defendant's term of imprisonment was reduced to the lowest end of his revised sentencing guideline range. (Dkt. 578). Following the First Step Act, Defendant's revised sentencing guideline range remains 121 to 151 months for his § 841 conviction, the same as when Defendant was last resentenced in 2015, but the Court in its discretion may deviate from this range. The Government argues that "in light of the violence involved in this offense," Defendant's current sentence should be retained. (Dkt. 591 at 11). However, the Court does not purport to amend Count 2 of Defendant's conviction under 18 U.S.C. § 924(c), for which this Court imposed a 10-year mandatory minimum sentence. While such conduct by Defendant is relevant under § 3553(a),[2] he has pled guilty to and served significant time for the violent elements of his conviction.

---

[2] Contrary to the Government's argument, the Court does decline to read in an implicit limitation to the First Step Act to nonviolent offenders based on statements made at the presidential signing statement. (Dkt. 591 at 11-12).

Other factors favor the reduction Defendant seeks. Defendant stopped attending high school after the tenth grade but has since completed his GED while incarcerated. Letters of support from his aunt, grandmother, and daughter's godmother speak of a changed man ready to be a present father to his two daughters. Finally, the Bureau of Prisons reports no incidents involving Defendant, at least for the last 6 months. In light of these and other considerations made relevant under § 3553, the parties' arguments, and the considerable time Defendant has already served, the Court determines that a reduction of Defendant's sentence to time served is appropriate. Defendant's sentence will be followed by a term of supervised release of 5 years, per Count 2 of Defendant's original conviction. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 9th day of August 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE